IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) Criminal No. 06-63 Erie |
| | ) Judge Sean J. McLaughlin |
| v. | ) |
| | ) |
| MOHAMMED ABDELHADY, | ) |
| | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

McLAUGHLIN, SEAN J., J.

This matter is before the Court upon Defendant Mohammed Abdelhady's Motion for Early Termination of Supervised Release and Motion to Travel. For the reasons which follow, those motions are denied.

On November 28, 2006, Defendant pleaded guilty to two counts of unlawfully owning and operating an unlicensed money transmitting business. On March 12, 2007, Defendant was sentenced to a term of 63 months incarceration followed by a term of 36 months of supervised release. At sentencing, the Court rejected a request by Defendant for a downwards departure or variance after concluding that Defendant was heavily involved in the criminal activity taking place at his businesses. As of the date of this Order, Defendant has served approximately 16 months of his 36 month term of supervised release.

In the instant motion, Defendant requests early termination of his supervised supervised release term on the grounds that he has had no violations of his supervised release, has done everything requested by his supervising officer, and that his supervising officer has no objections to early termination. [Defendant's Motion, Dkt. 25]. Alternatively, Defendant requests permission to travel out of the the country to attend his cousin's wedding in Jerusalem, Israel, on June 28, 2013.

1

[Defendant's Motion, Dkt. 25].

Section 3583(e) of Title 18 provides that a sentencing court may terminate a term of supervised release prior to its expiration if the defendant has served at least one year of his supervised release term and the sentencing court determines that "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); United States v. Laine, 404 Fed. Appx. 571, 573 n.1 (3rd Cir. 2010). However, "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it." Laine, 404 Fed. Appx. at 573-74; United States v. Dudash, 2012 WL 874878, *3 (W.D. Pa. 2012). In determining whether to terminate supervised release, 18 U.S.C. § 3553(a) provides the following factors for the sentencing court to consider:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

Laine, 404 Fed Appx. at 572 n. 2 (citing 18 U.S.C. § 3553(a)(1), (2)(B)–(D) & (4)–(7)). Ultimately, the decision to modify or terminate a term of supervised release rests in the discretion of the Court. Burkey v. Marberry, 556 F.3d 142, 149 (3rd Cir. 2009).

Here, Defendant seeks early termination entirely on the basis of his compliance with the terms of his supervised release. Nonetheless, it is well-settled that mere compliance with the terms of supervised release, while commendable, is not sufficiently extraordinary to justify early termination. See, e.g., Laine, 404 Fed. Appx. at 574 (denying early termination of supervised release and noting that "[s]imple compliance with the conditions of supervised release are expected and not exceptional"); Dudash, 2012 WL 874878 at *3 ("Defendant's full compliance with all of the conditions of supervised release does not warrant early termination."); United States v. Antico, 2008 WL 2973033, *2 (E.D. Pa. 2008) ("Mere compliance with the conditions of supervision is insufficient to warrant early termination of supervision."). Moreover, the Court notes that Defendant was intricately involved in the serious criminal activity to which he pleaded guilty and, accordingly, his sentence has already accounted for several of the factors set forth in Section 3553(a) including the nature and circumstances of the offense, the need for effective deterrence, and the sentencing range typically established for such crimes. 18 U.S.C. § 3553(a). Defendant has cited no changed circumstances, exceptionally good behavior, or any other extraordinary factor to justify his request for early termination of the supervised release term imposed at sentencing. Accordingly, his Motion for Early Termination of Supervised Release is denied.

Defendant's request to travel to attend a family wedding in Israel is also denied. As noted by the government, the factual background underlying Defendant's Defendant's guilty plea reveals the involvement of several family members, three of of which – Defendant's brother and two cousins – have also been indicted in connection with the same criminal activity. Moreover, the government further notes notes that one of Defendant's cousins, Mohammed Silmi, travelled to Israel while under investigation for the same crimes and has not returned, despite his subsequent indictment by a grand jury. In light of this factual background, and in the

the absence of any compelling reason presented by Defendant to justify his travel request, Defendant's Motion to Travel is denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) Criminal No. 06-63 Erie<br>) Judge Sean J. McLaughlin<br>) |
| v. | )<br>) |
| MOHAMMED ABDELHADY, | )<br>)<br>) |

## ORDER

AND NOW, this 19th day of April, 2013, for the reasons set forth above, it is hereby ORDERED that Defendant's Motion for Early Termination of Supervised Release and Motion to Travel is DENIED.

                                                /s/ - Sean J. McLaughlin
                                                United States District Judge

cm:    All parties of record.